IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 3:21-CR-0137-B |
| JENNIFER LYNNE FAITH | |

### PLEA AGREEMENT

Jennifer Lynne Faith, the defendant, Toby Shook and Cody Skipper, the defendant's attorneys, and the United States of America (the government), agree as follows:

1.  **Rights of the defendant**:   Faith understands that she has the rights:

    a.  to plead not guilty;

    b.  to have a trial by jury;

    c.  to have her guilt proven beyond a reasonable doubt;

    d.  to confront and cross-examine witnesses and to call witnesses in her defense; and

    e.  against compelled self-incrimination.

2.  **Waiver of rights and plea of guilty**:   Faith waives these rights and pleads guilty to the offense alleged in Count One of the superseding indictment returned September 29, 2021 charging her with violating 18 U.S.C. § 1958, that is



**Plea Agreement - Page - 1**

Use of Interstate Commerce Facilities in the Commission of Murder-For-Hire. Faith understands the nature and elements of the crime to which she is pleading guilty and agrees that the factual resume she has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose for a conviction under Count One includes:

    a.    imprisonment for a period of life or the death penalty;

    b.    a fine not to exceed $250,000,

    c.    a term of supervised release of not more than five years will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100;

    e.    restitution to victims or to the community, which is mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    f.    costs of incarceration and supervision.

4. **Court's Sentencing Discretion and Role of the Guidelines**: Faith understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court but are advisory only. Faith has reviewed the guidelines with

**Plea Agreement - Page - 2**

her attorney but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Faith understands that she will not be allowed to withdraw her plea if the applicable advisory guideline range is higher than expected, or if the Court departs from the applicable advisory guideline range. Faith will not be allowed to withdraw her plea if her sentence is higher than expected. Faith fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely left to the discretion of the Court.

5. **Conditional Nature of the Plea Agreement:** Faith understands, and it is agreed to by the parties that this plea agreement is conditioned upon the approval of the Attorney General of the United States. Absent such approval, this agreement is null and void. The parties understand that the signature of the United States Attorney on this agreement does not constitute a recommendation to the Attorney General of the United States that the agreement should be approved. The parties further agree that if the Attorney General does not approve this agreement, it is not admissible at trial for any purpose, in either guilt/innocence or penalty phases, including as evidence that the United States Attorney's Office supported a plea agreement in this case.

6. **Mandatory special assessment:** Faith agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special

Plea Agreement - Page - 3

assessment in this case.

7. **Defendant's Agreement:** Faith shall give complete and truthful information and/or testimony concerning her participation in the offense of conviction. Upon demand, Faith shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution. Faith expressly authorizes the United States Attorney's Office to immediately obtain a credit report on her in order to evaluate her ability to satisfy any financial obligation imposed by the Court. Faith fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Faith agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Faith's full and immediately enforceable financial obligation. Faith understands that she has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

8. **Government's Agreement:** The Government will not bring any additional charges against Faith based upon the conduct underlying and related to Faith's plea of guilty. The government agrees to dismiss the original indictment

and Count Two of the superseding indictment that are currently pending at sentencing. The government further agrees to recommend a sentence of Life in prison following Faith's guilty plea to Count One of the superseding indictment. As referenced in paragraph 5 of this agreement, the government's recommendation to the Court is conditioned upon the approval of the Attorney General of the United States. The Government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Faith or any property.

9.   **Violation of Agreement**:   Faith understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the Government will be free from any obligations of the agreement and free to prosecute Faith for all offenses of which it has knowledge. In such event, Faith waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Faith also waives objection to the use against her of any information or statements she has provided to the government, and any resulting leads.

**Plea Agreement - Page - 5**

10. **Voluntary Plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Waiver of Right to Appeal or Otherwise Challenge Sentence:** Faith waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from her conviction and sentence. Faith further waives her right to contest her conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Faith reserves the rights (a) to bring a direct appeal (i) of a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. **Representation of Counsel:** Faith has thoroughly reviewed all legal and factual aspects of this case with her lawyers and is fully satisfied with that lawyer's legal representation. Faith is electing to plead guilty because she is guilty of the offense alleged in Count One of the superseding indictment. Faith has received from her lawyer's explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and

**Plea Agreement - Page - 6**

the alternatives available to her other than entering into this agreement. Because she concedes that she is guilty of Count One of the superseding indictment, and after conferring with her lawyers, Faith has concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Entirety of Agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

Agreed to and signed this 22nd day of October 2021.

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY

RICK CALVERT
Assistant United States Attorney
Texas State Bar No. 03669700
1100 Commerce St., Suite 300
Dallas, Texas 75242
Tel: 214.659.8600
Email: rick.calvert@usdoj.gov

JENNIFER LYNNE FAITH
DEFENDANT

TOBY SHOOK
ATTORNEY FOR THE DEFENDANT

CODY SKIPPER
ATTORNEY FOR THE DEFENDANT

Plea Agreement - Page - 8

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____   10/22/2021
JENNIFER LYNNE FAITH              Date
Defendant

I am the Defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____   10/22/2021
TOBY SHOOK                        Date
Attorney for Defendant

Plea Agreement - Page - 9